UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Spencer Neal, | ) | CASE NO: 5:23CV1019 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| MGP Lessor, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Pending before the Court is a motion to dismiss filed by Defendants MGP Lessor, LLC and Northfield Park Associates, LLC (collectively "MGP"). Doc. 12.[1] Plaintiff Spencer Neal has opposed the motion, and MGP has replied. Upon review, the motion to dismiss is DENIED.

I. **Factual Background**

Neal filed this action alleging that he visited MGM Northfield Park, a racetrack and slot casino, on January 16, 2020, July 14, 2021, December 19, 2022, January 27, 2023, March 23, 2023, and May 5, 2023. Neal, a disabled individual as defined under the Americans with Disabilities Act ("ADA), contends that during these visits he encountered

---

[1] Defendants' prior motion to dismiss, Doc. 10, is DENIED AS MOOT based upon the filing of the amended complaint.

numerous ADA violations which denied him full and equal access to the property. All told, the complaint alleges 71 separate alleged violations. On July 6, 2023, MGP moved to dismiss the complaint. The Court now resolves the parties' arguments.

**II. Standard**

The Sixth Circuit stated the standard for reviewing a motion to dismiss in *Assn. of Cleveland Fire Fighters v. Cleveland*, 502 F.3d 545 (6th Cir. 2007) as follows:

> The Supreme Court has recently clarified the law with respect to what a plaintiff must plead in order to survive a Rule 12(b)(6) motion. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The Court stated that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (citations and quotation marks omitted). Additionally, the Court emphasized that even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* (internal citation and quotation marks omitted). In so holding, the Court disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (recognizing "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), characterizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Twombly*, 550 U.S. at 563.

*Id.* at 548. Instead, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (internal quotations omitted).

If an allegation is capable of more than one inference, this Court must construe it in the plaintiff's favor. *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995) (citing *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993)). This Court may not grant a Rule 12(b)(6) motion merely because it may not believe the plaintiff's factual allegations. *Id*. Although this is a liberal standard of review, the plaintiff still must do

more than merely assert bare legal conclusions. *Id.* Specifically, the complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quotations and emphasis omitted).

### III. Analysis

To show Article III standing, a plaintiff has the burden of proving: (1) that he or she suffered an "injury in fact," (2) a causal relationship between the injury and the challenged conduct, and (3) that the injury likely will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). An "injury in fact" is a harm that is "concrete and particularized" and "actual or imminent." *Id*. at 560 (internal quotation marks and citations omitted). A plaintiff must show that he or she "sustained or is immediately in danger of sustaining some direct injury as the result of the challenged ... conduct and [that] the injury or threat of injury [is] both real and immediate[.]" *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983) (internal quotation marks and citations omitted). Further, "because injunctions regulate future conduct, a party seeking injunctive relief must allege ... a real and immediate—as opposed to a merely conjectural or hypothetical—threat of future injury." *Wooden v. Bd. of Regents University System of Georgia*, 247 F.3d 1262, 1284 (11th Cir. 2001).

Because the ADA provides for injunctive relief, a plaintiff who encounter barriers at public accommodations has standing to bring claims only if he shows a plausible intention or desire to return to the place but for the barriers to access. *See Pickern v. Holiday Quality Foods, Inc.*, 293 F.3d 1133, 1138 (9th Cir.2002); *Shotz v. Cates*, 256 F.3d 1077,

3

1081 (11th Cir.2001). Intent to return to the place of injury "some day" is insufficient. *Lujan,* 504 U.S. at 564 ("[s]uch 'some day' intentions—without any description of concrete plans, or indeed even any specification of when the some day will be—do not support a finding of the 'actual or imminent' injury that our cases require.") Although, in the context of Title III of the ADA, plaintiffs need not engage in the "futile gesture" of visiting a building containing known barriers that the owner has no intention of remedying, see 42 U.S.C. § 12188(a)(1), they must at least prove actual knowledge of the barriers and show that they would visit the building in the imminent future but for those barriers. *Steger v. Franco, Inc.*, 228 F.3d 889, 892 (8th Cir.2000).

Moreover, a plaintiff's claim that he "visited the facility as a 'tester' and intends to visit the Facility to 'verify its compliance or non-compliance with the ADA,' does little to support [her] allegation that [s]he is truly threatened by an immediate future injury." *Access for the Disabled, Inc. v. Rosof*, No. 805CV1413T30TBM, 2005 WL 3556046, at *2 (M.D. Fla. Dec. 28, 2005). "[An] ADA plaintiff cannot manufacture standing to sue in a federal court by simply claiming that [s]he intends to return to the Facility. Rather, in evaluating the likelihood of return, the courts examine four factors: (1) proximity of the place of public accommodation to the plaintiff's residence; (2) the plaintiff's past patronage of defendant's business; (3) the definitiveness of the plaintiff's plans to return; and (4) the plaintiff's frequency of travel near the accommodation in question." *Wilson v. Kayo Oil*, 535 F.Supp.2d 1063, 1067 (S.D.Cal.2007).

In analyzing the facts presented by Neal, the Court is mindful that the Sixth Circuit has held that "[i]t is enough to allege an intent to return to the area and an interest in visiting the accommodation in the future when it becomes ADA-compliant. While the plaintiff

4

must show more than a 'some day' intent to return to the accommodation, frequent visits and concrete plans to return to the geographic area support a plausible inference of intent to return to the accommodation." *Mosley v. Kohl's Dep't Stores, Inc.*, 942 F.3d 752, 759 (6th Cir. 2019). The complaint alleges that Neal attempted to utilize the property and facilities on six different occasions over the course of three years and that he would again do so in the event that the facilities became ADA compliant. At this early stage of the litigation, these allegations support a plausible inference of his intent to return. As such, he has established standing.

Similarly, MGP's contention that Neal has not shown past injury in fact also fails. "A plaintiff suffers an injury in fact from ADA noncompliance if he personally encounters the barrier complained of, or he has actual knowledge of the barrier complained of and has been deterred from visiting the public accommodation because of that barrier." *Hubbard v. 7-Eleven, Inc.*, 433 F. Supp. 2d 1134, 1141 (S.D. Cal. 2006). There is no dispute that the amended complaint alleges that Nel personally encountered architectural barriers that denied him full access to the property. MGP seeks to impose a heightened burden on Neal to detail for every barrier precisely how he encountered, evaluated its compliance with the ADA, and how is access was impeded by that barrier. Those very well may be facts Neal must ultimately prove to prevail. However, they are not required to be pled to survive a motion to dismiss. As such, the Court finds that Neal has adequately pled an injury in fact.

For the same reasons, MGP's argument that Neal was required to plead futility with respect to his alleged non-compliance with Ohio's statutory scheme is rejected. While MGP may have a valid defense to these claims, it cannot impose a heightened pleading standard on Neal. Neal properly pled an Ohio law claim. While the Court would encourage

5

Neal to closely evaluate whether he will ultimately be able to demonstrate a futility defense to certain requirements under Ohio law, nothing required Neal to *plead* such a matter in his complaint.

### IV. Conclusion

MGP's motion to dismiss is DENIED. A separate scheduling order shall issue for the Court to conduct a case management conference in this matter.

IT IS SO ORDERED.


March 28, 2024                                      */s/ Judge John R. Adams*
DATE                                                 JUDGE JOHN R. ADAMS
                                                      UNITED STATES DISTRICT COURT